IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT B. DERRICKSON,                )
                                      )
                 Plaintiff            )
                                      )
        vs.                           )   Civil Action No. 08-668
                                      )   Judge Terrence F. McVerry/
PAULA L. NOLAN; MARY NOLAN;          )   Magistrate Judge Amy Reynolds Hay
DENNIS DURKA; DONALD GREENE;         )
SUMNER PARKER; THOMAS FARRELL;)
JOSEPH GUERRA,                       )
                                      )
                 Defendants           )

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

REPORT

Robert Paul Derrickson, Jr., ("Plaintiff"), at the time of filing this civil rights action, was a state prisoner incarcerated in SCI-Smithfield. He seeks, under the Civil Rights Act, 42 U.S.C § 1983, to sue at least two parties, apparently his minor victim, Paula Nolan, and the minor victim's legal guardian, Mary Nolan. He seeks to sue them for falsifying statements in the criminal complaint against him. It appears that he was eventually convicted of the crimes that were the subject of the criminal complaint and was sentenced on February 9, 2005. Because the actions or inactions allegedly taken by the two named defendants that gave rise to this complaint, occurred, at the latest, on February 9, 2005, more than two years before the filing of the complaint, the complaint must be dismissed for failure to state a claim upon which relief can be

granted. Alternatively, because success in the Section 1983 suit would necessarily imply the invalidity of his conviction, the suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and must be dismissed on those grounds.

**A. Relevant Facts and Procedural History**

Plaintiff filed an in forma pauperis motion, Dkt. [1] which was granted, Dkt. [2], and the form complaint was filed. In response to a question on the form complaint as to what federal law he claimed was violated, Plaintiff responded "civil and constitutional rights." Dkt. [3] at 2, ¶ III. Although Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, because he is seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986). Hence, the court construes the current complaint as alleging a cause of action under Section 1983.

According to the complaint, the date of the event was February 9, 2005 and the place of the events was inter alia, the "Allegheny County Comm. Courts[.]" Dkt. [3] at 2, ¶ IV.A & B. The court takes judicial notice of the dockets of the Court of Common Pleas of Allegheny

County which show that in the criminal case of <u>Commonwealth v. Robert Paul Derrickson</u>, No. CP-02-CR-0016598-2002, Plaintiff was sentenced after a pleading guilty to the following charges: (1) Indecent assault without the consent of the other; (2) Endangering the Welfare of Children and (3) Corruption of Minors.[1]  The entirety of the complaint against the two defendants is as follows:

> (1) (Mary Nolan) filed criminal complaint falsifying statements refusing to sign (validate) the complaint upon request by investigating officer, conspirator.
> (2) (Paula Nolan), reinforced statements as above (sister) for criminal proceedings to be undergone. (Legal Guardian).  And conspirator with above, defaming Plaintiff.

Dkt. [3] at 2, ¶IV. C.[2]  By way of relief, Plaintiff seeks *inter alia*, "compensation (monetary)

---

[1]  The dockets of the Allegheny County Court of Common Pleas for Plaintiff's case may be accessed at:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=90010738&arch=0&ST=6/24/2008%209:08:25%20AM

(Site last visited 6/24/08).

[2]  Although Plaintiff named five more defendants in his IFP motion, he failed to name them in the caption of the complaint, nor did he even once mention them in the body of the complaint.  Hence, we deem him to have abandoned any claims against those additional individuals.  See <u>Hudson v. McKeesport Police Chief</u>, 244 Fed.Appx. 519 (3d Cir. 2007)(pro se complaint filed by arrestee against housing authority employee, which alleged that officers entered his home without warrant or probable cause and wrongfully arrested him using excessive force, failed to provide short and plain statement of claim against employee, as required by rule governing pleadings; arrestee merely included employee in the caption of his complaint and did not provide any basis for a claim against him and so the Appeals Court affirmed the dismissal for failure to state a claim).  The <u>Hudson</u> case provides even a stronger reason in this case to deem abandoned the claims against the additional individuals; whereas in <u>Hudson</u>, the Plaintiff at least named the defendants in the caption of the complaint but not in the body of the complaint, here, Plaintiff failed to mention the other persons not only in the body of the complaint but in the caption of the complaint as well.  Moreover, the court concludes that any amendment of the complaint to include such additional individuals would be futile.  Two of the five are recognizable to the Court as criminal defense lawyers, i.e., Sumner Parker and Thomas Farrell, who simply do not act under color of state law as is required for stating a claim under Section

3

[and the] conviction overturned . . . ." Dkt. [3] at 3, ¶ VI.

**B. Applicable Legal Principles**

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, Dkt. [2], and is a prisoner within the meaning of 28 U.S.C. § 1915.[3] Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d

---

1983. Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980). As for the remaining three, it is likely that any claims against them likewise are barred by Heck and/or the statute of limitations.

[3] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may, in performing its screening under 28 U.S.C. § 1915(e), consider matters of which it may take judicial notice. See, e.g., Lloyd v. United States, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, Henson v.

5

CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

Dismissal is proper under Rule 12(b)(6), and hence, under 28 U.S.C. § 1915(e), where the court determines that the facts as alleged by the plaintiff taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) ("In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law.").

**C. Discussion**

**Heck bars this suit**

Plaintiff is essentially alleging that the two people who initiated the criminal action against Plaintiff, which eventually resulted in his pleading guilty to the charges above and hence, lead to his convictions of those crimes, lied in the criminal complaint. If Plaintiff were successful on his claims in this civil action, such claims would necessarily call his convictions into question. The rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit, bars this suit until and unless Plaintiff's convictions are otherwise called into doubt.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action

6

against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The High Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

Because success in establishing that the Defendants lied in the criminal complaint, would necessarily render his convictions or sentences invalid, the reasoning of Heck, renders his claims non-cognizable in this civil rights action absent an invalidation of those convictions. See, e.g., Bailey v. California Dept. of Justice, No. 07cv2090 JM, 2008 WL 755856, at *5 (S.D.Cal. March 18, 2008)("As the allegations against Sheriff Kolender relate to aiding Bonnie Dumanis in filing the allegedly false criminal complaint and false imprisonment, these claims necessarily implicate the validity of Plaintiff's conviction. Consequently, the court grants the motion to dismiss" based on the Heck bar); Nelson v. Commonwealth of Pa., No. CIV. A. 97-6548, 1997 WL 793060, *3 (E.D.Pa. Dec. 9, 1997)("Plaintiff alleges in the Complaint that Officer Rodstien maliciously submitted and filed a false Affidavit of Probable Cause together with a false criminal Complaint against him. Under those circumstances, plaintiff's claim for damages against Officer

7

Rodstien for false arrest, if proven, would 'necessarily imply the invalidity of his conviction or sentence.' Thus, because plaintiff has not demonstrated that his conviction or sentence has been invalidated, his claim for money damages against Officer Rodstien must be dismissed . . . ." under Heck).

Hence, Plaintiff does not have a cause of action until and unless his conviction is called into question via some sort of independent legal judicial or executive proceeding. Accordingly, the complaint should be dismissed based upon Heck.

### Statute of Limitations Bars This Action

Alternatively, Plaintiff's claims are barred by the statute of limitations. Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983. Wilson v. Garcia, 471 U.S. 261, 267 (1985). Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state. See Wilson. The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the Federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A Federal District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Alston v.

8

Tennessee Dept. of Corrections, 28 Fed.Appx. 475 (6th Cir. 2002); Tate v. United States, 13 Fed. Appx. 726 (9th Cir. 2001); Johnstone v. United States, 980 F.Supp. 148, 154 (E.D.Pa. 1997) ("When a complaint on its face shows that the action was filed outside of the applicable limitations period, and the court has satisfied itself that no legal rule tolls or otherwise abrogates the limitations period, sua sponte dismissal is appropriate under § 1915.").

Herein, the allegedly wrongful acts by the Defendants giving rise to Plaintiff's cause of action occurred no later than February 9, 2005 (which was the date of Plaintiff's sentencing)[4] and, in fact, the Court takes judicial notice from the Allegheny County Court of Common Pleas docket that the criminal proceedings against Plaintiff were actually initiated on August 25 and 26, 2002, which the docket shows as the "Complaint Date[s.]" Hence, it appears that the

---

[4] It is true that in the line where the form complaint asks for the "Date of the Event", Plaintiff responded "Feb[.] 9, 2005 (5-17-90 to Pres)." However, it is clear that the reference to 5-17-90 to Present is a reference to sentences that he is serving, including a parole revocation which may have been precipitated by his convictions arising out of the criminal complaint made by the two defendants in this case. See Dkt. [3] at 1, ¶1 wherein he responds to the question of what sentence are you serving, by stating "4-12 yrs. (5-17-90 to Pres[.]). 5 years probation Feb. 9, 2005. Revoc. Of Parole 4½ yrs." Dkt. [1] at 1, ¶ I. It does not appear that Plaintiff's sentence on the convictions which arose out of the criminal complaint filed by the defendants herein has been completed yet because as late at April 23, 2008, Petitioner filed a pro se petition in the Allegheny County Court of Common Pleas entitled "Petitioner for time served and vacate sentence." Whether his sentence has been fully served might, at one time, have had some significance for the Heck analysis above.

To the extent that Plaintiff may no longer be in custody and may not have a means other than a civil rights suit to challenge the convictions, such does not render the Heck bar inapplicable, at least in this Circuit. The question of whether Heck bars a person, such as Plaintiff who, at the time of filing his civil rights action, may no longer be subject to the sentence, and therefore, who no longer has a means of challenging their sentence by way of a federal habeas petition (precisely because they are no longer subject to the sentence) posed a difficult and unsettled question. However, in this Circuit, it no longer appears to be an unsettled question, as the Court of Appeals in Gilles v. Davis, 427 F.3d 197 (3d Cir. 2005) held that Heck **does** bar a person no longer in custody, and hence, not able to bring a federal habeas petition, from proceeding with a civil rights suit that calls into question the validity of his conviction or confinement. Accord Williams v. Consovoy, 453 F.3d 173 (3d Cir. 2006).

9

allegedly wrongful actions of the two named defendants, i.e., their filing and/or making out of the criminal complaint occurred even earlier than February 9, 2005, and indeed may have occurred as early as August 25 and 26, 2002. However, for present purposes, the Court will accept the date of February 9, 2005 as the date of the allegedly wrongful acts of the defendants.

Plaintiff did not "file" this civil action, which would stop the running the of the statute of limitations, until, at the earliest, April 30, 2008, the date he signed his IFP application.[5] Therefore, it is clear from the face of the complaint that Plaintiff failed to commence his lawsuit within the two year statute of limitations applicable to Section 1983 claims. Accordingly, the complaint should be dismissed before service for failing to state a claim upon which relief can be granted given that the statute of limitations bars the suit.[6]

---

[5] The so called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). The prisoner mail box rule has been applied not only to habeas petitions but has been expanded to civil rights complaints as well. Sulik v. Taney County, 316 F.3d. 813, 815 (8th Cir. 2003) (collecting cases). Absent proof of the exact date of delivering the IFP application and/or complaint to the prison authorities, the court will treat October 11, 2007, the date whereon Plaintiff signed his IFP application, as the filing date. See Cromwell v. King, 27 Fed.Appx. 13, 14 (2d Cir. 2001)("In the absence of other evidence regarding the date on which Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his in forma pauperis application. See Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y.2000) (collecting cases)."); Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del. June 8, 2000). See also Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed in forma pauperis is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

[6] The Court acknowledges that if the Heck bar applies, then the statute of limitations has not even yet begun to run on the cause of action. Wolfe v. Perry, 412 F.3d 707, 714 (6th Cir. 2005) ("[a] cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever.")(quoting, Shamaeizadeh v. Cunigan, 182

For any of the foregoing reasons, the complaint should be dismissed for failure to state a claim upon which relief can be granted.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted until July 17, 2008 to file written objections. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
United States Magistrate Judge

Dated:   30 June, 2008

cc:   The Honorable Terrence F. McVerry
      United States District Judge

      Robert P. Derrickson
      BG-2195
      SCI Smithfield
      P.O. Box 999
      1120 Pine Street
      Huntingdon, PA 16652

---

F.3d 391, 396 (6th Cir. 1999)). If however, the Heck bar does not apply, then the statute of limitations has certainly run.